IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James Detrick Beeks,<br><br>                Plaintiff,<br>vs.<br><br>Scotty Bodiford,<br><br>                Defendant. | Civil Action No. 0:25-cv-4467-CMC<br><br>**ORDER** |

      This matter is before the court on Plaintiff's Amended Complaint, brought pursuant to 42 U.S.C. § 1983. ECF No. 9. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On July 24, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Amended Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 15.[1] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff timely filed objections. ECF No. 18.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

---

[1] Plaintiff was granted leave to proceed *in forma pauperis*. ECF No. 15 at 1 n.1.

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court is only required to review for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Amended Complaint be dismissed because his challenge to his detention and request for injunctive relief must be pursued via petition for writ of habeas corpus; however, he brought his Amended Complaint pursuant to 42 U.S.C. § 1983. ECF No. 15 at 3. The Magistrate Judge then analyzed the § 1983 claim, that his continued detention without a probable cause determination violated his Fourth Amendment rights, and determined warrants were filed in each of Plaintiff's pending state court cases. *Id.* To the extend Plaintiff seeks to challenge the validity of the warrants, he must do so in state court, and this court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971). *Id.* at 4-5.

Plaintiff objects, arguing warrants against him were procured after his arrest and without being brought in front of a judge. ECF No. 18 at 1. He asserts his probable cause hearing, arraignment, and bond hearing were all held at the same time in front of the same judge, which he alleges is a constitutional violation. *Id.* He also discusses the facts surrounding his arrest, contending he was in his driveway when the police officer activated his lights and arrested him. *Id.* at 3-4.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation the matter should be summarily dismissed. Plaintiff's objections do not challenge or alter the conclusions of the Magistrate Judge's Report: valid arrest warrants have been filed, challenges to his detention must be brought under habeas corpus, and the court must abstain from interfering in state court action under *Younger*. Accordingly, the Report is adopted by reference in this Order, and Plaintiff's Amended Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 13, 2025